OPINION
{¶ 1} The defendant-appellant, Salvador Sanchez ("Sanchez"), appeals the judgment of the Defiance County Common Pleas Court sentencing him to an aggregate prison term of 24 years.
 {¶ 2} On July 6, 2004, the Defiance County Grand Jury indicted Sanchez on one count of trafficking in cocaine, a violation of R.C. 2925.03(A), (C)(4)(d), a felony of the second degree; two counts of trafficking in cocaine, violations of R.C.2925.03(A), (C)(4)(e); and one count of engaging in a pattern of corrupt activity, a violation of R.C. 2923.32(A)(1). The indictment was filed in Defiance County Common Pleas Court case number 04-CR-09868. After a series of continuances, and after Sanchez had retained new counsel, the State of Ohio ("State") filed a motion to amend the indictment. The trial court granted the State's motion, and the indictment was amended to increase the charge of engaging in a pattern of corrupt activity from a second degree felony to a first degree felony. On July 18, 2005, Sanchez filed a motion in limine requesting the exclusion of any evidence concerning predicate acts for which he had not been indicted. The State filed a memorandum in opposition, and on July 27, 2005, the trial court overruled the motion.
 {¶ 3} On August 19, 2005, the Defiance County Grand Jury indicted Sanchez on the same charges as those filed against him in 04-CR-09868, except the final count of the new indictment charged a violation of R.C. 2923.32(A)(1), engaging in a pattern of corrupt activity, a first degree felony. This indictment was filed in Defiance County Common Pleas Court case number 05-CR-09342. Sanchez filed a motion requesting the court to dismiss the elements of the fourth count that enhanced the charge from a second degree felony to a first degree felony, but the trial court overruled the motion. On August 31, 2005, the court filed a judgment entry stating: "[i]t is further ORDERED at Defendant's request, that all pleadings, Motions and rulings of the Court previously made and filed in Case Number 04 CR 08968 shall also be reflected in Case Number 05 CR 09342." J. Entry, Aug. 31, 2005 (emphasis in original). On September 28, 2005, Sanchez changed his previously tendered pleas of not guilty to pleas of no contest in case number 05-CR-09342. On November 21, 2005, the trial court sentenced Sanchez to 24 years in prison: four years on count one, seven years on count two, seven years on count three, and six years on count four, all to be served consecutively. Apparently, also on November 21, 2005, the trial court dismissed the charges pending against Sanchez in case number 04-CR-09868. Sanchez appeals the trial court's judgment in case number 05-CR-09342 and asserts the following assignments of error:
The Trial Court erred in imposing consecutive sentencing, inviolation of Ohio sentencing law.
 The Trial Court erred in imposing consecutive sentencingwithout provision of the right to a trial by jury on those factsnecessary to impose consecutive sentencing.
 The Trial Court erred by denying the defense Motion in Limineregarding the element of an "enterprise" in Ohio.
 {¶ 4} We begin our analysis by addressing the third assignment of error. Assuming the motion in limine is properly before us as part of the record in 05-CR-09342, we must overrule the assignment of error. "A motion in limine is tentative and precautionary in nature, reflecting the court's anticipatory treatment of an evidentiary issue at trial. In deciding such motions, the trial court is at liberty to change its ruling on the disputed evidence in its actual context at trial. Finality does not attach when the motion is granted." Defiance v. Kretz
(1991), 60 Ohio St.3d 1, 4, 573 N.E.2d 32 (citing State v.Grubb (1986), 28 Ohio St.3d 199, 201-202, 503 N.E.2d 142). In order to preserve for appeal the issues presented by a motion in limine, the case must proceed to trial, the parties must make specific evidentiary objections, and the party adversely effected by the court's decision must introduce the evidence by proffer or otherwise. See generally State v. Phipps, 3rd Dist. No. 02-05-19, 2006-Ohio-602, at ¶ 16 (citing State v. Grubb (1986),28 Ohio St.3d 199, 200-201, 503 N.E.2d 142).
 {¶ 5} In this case, the trial court overruled a motion in limine as part of case number 04-CR-09868. However, neither case proceeded to trial, so the evidence and its application to the pending charges were never developed. Sanchez has suffered no prejudice due to the trial court's tentative ruling. Furthermore, Sanchez entered pleas of no contest, which has the effect of admitting all facts, but denying guilt as to those admissions. See Crim.R. 11(B). Therefore, the third assignment of error is overruled.
 {¶ 6} In the first and second assignments of error, Sanchez contends the trial court erred by sentencing him to consecutive sentences. The basis of this argument is without specific findings made by the jury or admissions made by the defendant, imposing a sentence greater than the statutory minimum violates the holding in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403. In this case, the trial court imposed consecutive sentences under R.C. 2929.14(E)(4). Recently, the Ohio Supreme Court determined that 2929.14(E) is unconstitutional because it requires trial courts to make factual findings, which have not been determined by a jury or have not been admitted by the defendant. State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, at paragraphs 1 and 3 (citingUnited States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738,160 L.Ed.2d 621; Blakely, supra; and Apprendi v. New Jersey
(2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435).
 {¶ 7} Because the Supreme Court found 2929.14(E)(4) unconstitutional, it determined that the sentences imposed in cases on direct appeal are void and must be remanded to the trial courts. Id. at ¶¶ 103-104. Therefore, we are required to vacate Sanchez's sentence and remand this cause to the trial court for additional proceedings.
 {¶ 8} In a supplemental brief, Sanchez essentially argues that remanding the case to the trial court would violate his due process rights because the effect of Foster is to create an ex post facto law. Sanchez argues, under Bouie v. Columbia
(1963), 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894, the test is "whether the late action of the judiciary was unforeseeable at the time of the commission of the offense." Sanchez argues that the Foster decision did not create a new sentencing procedure, but merely erased a presumption that was beneficial to the defendant, which was a remedy not anticipated. However, these issues are not properly before us because Sanchez has yet to be sentenced. The first and second assignments of error are sustained.
 {¶ 9} The judgment of the Defiance County Common Pleas Court is affirmed in part, and the sentence imposed is vacated. This matter is remanded for additional proceedings.
Judgment affirmed in part, sentence vacated and causeremanded.
 Rogers and Cupp, JJ., concur.