DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Neil Smith, appeals from the August 8, 2005 conviction and sentencing judgment entry entered in the Lorain County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On August 31, 2004, the Lorain County Grand Jury indicted Appellant on one count of criminal child enticement, in violation of R.C. 2905.05(A), a fifth-degree felony. At his arraignment, Appellant pled not guilty. On the morning of trial, Appellant moved for a motion in limine regarding his prior conviction of complicity to commit rape. Appellant's motion in limine was denied. Based on the trial court's denial of his motion in limine, Appellant withdrew his not guilty plea and entered a plea of no contest. Appellant was found guilty of criminal child enticement and the court ordered a pre-sentence investigation report.
 {¶ 3} One month later, Appellant moved to withdraw his no contest plea and requested a hearing. On August 8, 2005, the trial court held a hearing on Appellant's motion to withdraw his plea and subsequently denied the motion. The trial court then sentenced Appellant to a non-minimum sentence running consecutively with another case. Additionally, Appellant was classified as a child victim oriented offender.
 {¶ 4} Appellant timely appealed his conviction and sentencing, asserting four assignments of error for review. We will review the assignments of error out of order for ease of review.
 II. A. First Assignment of Error
"THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE IN DENYING APPELLANT'S MOTION IN LIMINE AND PERMITTING THE STATE TO INTRODUCE EVIDENCE OF APPELLANT'S PRIOR CONVICTIONS WHEN APPELLANT OFFERED TO STIPULATE TO THE PRIOR CONVICTION."
 {¶ 5} In his first assignment of error, Appellant asserts the trial court erred in denying his motion in limine because Appellant had agreed to stipulate to the 1981 conviction of complicity to commit rape. Appellant argues his stipulation of the conviction takes the issue away from the jury and the conviction can only be used for sentencing. Further, Appellant claims the prior conviction is not an element of criminal child enticement that Appellee needed to prove. We disagree.
 {¶ 6} A motion in limine is a request for a preliminary order regarding the admissibility of evidence that a party believes is either improper or irrelevant. Riverside Methodist Hosp. Assn.of Ohio v. Guthrie (1982), 3 Ohio App.3d 308, 310. The purpose of a motion in limine is to alert the court of the nature of the evidence in order to remove discussion of the evidence from the presence of the jury until the appropriate time during trial when the court makes a ruling on its admissibility. Id.
 {¶ 7} A ruling on a motion in limine is an interlocutory ruling as to the potential admissibility of evidence at trial and cannot serve as the basis for reviewing error on appeal. Statev. Grubb (1986), 28 Ohio St.3d 199, 201-02. An appellate court need not determine the propriety of an order granting or denying a motion in limine, unless the claimed error is preserved by an objection, proffer, or ruling on the record at the proper point during the trial. State v. Maurer (1984), 15 Ohio St.3d 239,259-60. See, also, State v. Sanchez, 3d Dist. No. 4-05-47,2006-Ohio-2141, at ¶ 4. When there is no trial, there can be no evidentiary ruling for the court to review and no prejudice suffered by the party. Sanchez, at ¶ 5; State v. James (May 11, 1994), 9th Dist. No. 2261-M, at *1. Additionally, "[a] no contest plea does not preserve for appellate review the trial court's ruling on a motion in limine." State v. Lewis,164 Ohio App.3d 318, 2005-Ohio-5921, at ¶ 6.
 {¶ 8} On the morning of trial, Appellant offered to stipulate to a certified copy of his 1981 conviction of complicity to commit rape only "for purposes of sentencing if [Appellant was] found guilty." However, Appellant orally moved for a motion in limine to prohibit Appellee from presenting Appellant's prior conviction to the jury in its case in chief. The court denied the motion.
 {¶ 9} In response to the trial court's denial of his motion in limine, Appellant changed his not guilty plea to no contest and was found guilty of criminal child enticement. As there was no trial in this matter, the trial court's ruling on the motion in limine was only tentative and caused no prejudice to Appellant. Further, Appellant's no contest plea was inadequate to preserve the issue for appeal. Accordingly, we are precluded from reviewing the substantive merits of the trial court's decision on the motion in limine.
 {¶ 10} Appellant's first assignment of error is overruled.
 B. Third Assignment of Error
"APPELLANT WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION BECAUSE APPELLANT RELIED ON THE ERRONEOUS ADVICE OF HIS TRIAL COUNSEL WHEN ENTERING APPELLANT'S NO CONTEST PLEA[.]"
 {¶ 11} In his third assignment of error, Appellant asserts that his trial counsel failed to conduct "a thorough and complete investigation into the factual background of [the] case." Specifically, Appellant feels his trial counsel should have consulted with his parole officer regarding the effect this case would have on Appellant's parole conditions. Appellant argues this failure constitutes ineffective assistance of counsel. We disagree.
 {¶ 12} The Sixth Amendment to the United States Constitution guarantees a criminal defendant the effective assistance of counsel. McMann v. Richardson (1970), 397 U.S. 759, 771. To prevail on a claim of ineffective assistance of counsel, Appellant must meet the two-prong test established in Stricklandv. Washington, (1984), 466 U.S. 668, 687. As applied to pleas, the Strickland test requires an appellant to show that 1) his trial counsel's performance was deficient, and 2) "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart (1985), 474 U.S. 52, 57-59. See, also,State v. Xie (1992), 62 Ohio St.3d 521, 525.
 {¶ 13} The defendant has the burden of proof and must overcome the strong presumption that counsel's performance was adequate or that counsel's action might be sound trial strategy.State v. Smith (1985), 17 Ohio St.3d 98, 100. "Ultimately, the reviewing court must decide whether, in light of all the circumstances, the challenged act or omission fell outside the wide range of professionally competent assistance." State v.DeNardis (Dec. 29, 1993), 9th Dist. No. 2245, at *2, citingStrickland, 466 U.S. at 689. Furthermore, an attorney properly licensed in Ohio is presumed competent. State v. Lott (1990),51 Ohio St.3d 160, 174.
 {¶ 14} In demonstrating prejudice, "[defendant] must show that he would not have pleaded guilty to the reduced charge if his attorney's advice had been correct." Xie,62 Ohio St.3d at 525. In order to determine whether a defendant pled based upon trial counsel's misinformation, the "court will assess the totality of the circumstances, with particular emphasis on the Crim.R. 11 allocution." State v. Kazymyriw (May 14, 1997), 9th Dist. No. 96CA006474, at *2. "Generally, prejudice is not shown from counsel's erroneous advice and incorrect speculation regarding the consequences of a defendant's plea." State v.Buehl (April 2, 1997), 9th Dist. No. 18041, at *2.
 {¶ 15} Appellant claims his trial counsel was ineffective due to his failure to investigate with his parole officer as to what effect this matter would have on his current parole status. Appellant asserts that had his trial counsel informed him of this parole information he would not have pled, and instead gone forward with the trial because he was innocent. However, the trial court points out that trial counsel's alleged failure to speak with Appellant's parole officer is not incompetence because while "[t]he Parole Officer certainly has input, the Parole Officer's position may change from time to time, * * *. [And] [u]ltimately, it will be the Parole Authority Board that decides on what, if any, violation they wish to impose for a parole violation." (Emphasis added.) Further, a review of the record of the plea hearing, withdrawal of plea hearing, and sentencing hearing do not support Appellant's position of ineffective assistance of counsel.
 {¶ 16} At the plea hearing, there was no mention by either Appellant or his counsel to the trial court that the basis for the plea was related to Appellant's current parole status. Instead, Appellant's trial counsel advised the court that Appellant was "entering this no contest plea with the anticipation that he would be appealing the Court's ruling" on his prior conviction.
 {¶ 17} At the hearing to withdraw Appellant's plea, both sides presented arguments regarding the alleged new information about Appellant's parole conditions. The court then inquired with Appellant if there was any other reason to withdraw his plea. Appellant replied,
"That is not the only reason, Your [sic] Honor. I was here to go to trial on that particular day and that's what I really wanted to do. At the last moment, my attorney informed me that that would be the best possible route to take. That's why I pled no contest, regardless of the Parole Board." (Emphasis added.)
 {¶ 18} Later in the sentencing hearing, Appellant again reiterated to the court his reasons for entering his no contest plea.
"I was denied everything. You know, my motion — like I said, I don't know the law that well and I took his advice. I wanted a jury trial. I'm not guilty. I copped out to a no contest pleajust to give him time to appeal your decision." (Emphasis added.)
Appellant's own statements confirmed his plea was based on his decision to appeal the trial court's ruling on the motion in limine, and not based upon parole concerns.
 {¶ 19} There is no evidence that Appellant's parole status was the overriding factor in his decision to plead no contest. Yet, there is overwhelming evidence in the form of trial counsel's and Appellant's own statements that the desire to appeal the court's motion in limine ruling was the motivation for the no contest plea. Appellant has failed to show how the alleged misinformation regarding his parole would have affected his plea decision. Based upon the record, Appellant's charge does not rise to the level of ineffective assistance of counsel. SeeStrickland, 466 U.S. at 687. This assignment of error is overruled.
 C. Second Assignment of Error
"THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO WITHDRAW HIS NO CONTEST PLEA PURSUANT TO CRIM.R. 32.1 WHERE SUCH REQUEST WAS MADE PRIOR TO THE IMPOSITION OF SENTENCE AND BASED ON CLAIMS OF INNOCENCE AND INEFFECTIVE ASSISTANCE OF COUNSEL[.]"
 {¶ 20} Appellant's second assignment of error alleges that the trial court should have granted his motion to withdraw his plea since it was timely, he was innocent, and he relied upon his trial counsel's inadequate advice. Additionally, Appellant asserts he entered his no contest plea in response to the trial court denying his motion in limine and the impact this would have on the trial and his conditions of parole. However, Appellant subsequently learned this case would have little effect on his parole conditions and now desires to proceed with a jury trial.
 {¶ 21} Crim.R. 32.1 permits a defendant to file a pre-sentence motion to withdraw his plea. However, this does not equate to an absolute right to withdraw the plea. Xie,
62 Ohio St.3d at paragraph one of the syllabus. While a pre-sentence motion to withdraw a plea is generally "to be freely allowed and treated with liberality" by the trial court, the decision to grant or deny the motion rests within the sound discretion of the trial court. Id. at 526, citing Barker v. U.S. (C.A.10, 1978),579 F.2d 1219, 1223.
 {¶ 22} In order to prevail on a motion to withdraw a plea, a defendant must provide a reasonable and legitimate reason for withdrawing his plea. Xie, 62 Ohio St. 3d at 527. See, also,State v. Van Dyke, 9th Dist. No. 02CA008204, 2003-Ohio 4788, at ¶ 10. Requiring a defendant to provide a "reasonable and legitimate" reason to withdraw a plea helps protect "the state's interest in preserving pleas." State v. DeWille (Nov. 4, 1992), 9th Dist. No. 2101, at *1. Determining whether a defendant's grounds for the motion to withdraw a plea are reasonable and legitimate also lies within the trial court's sound discretion. State v. Rosemark (1996),116 Ohio App.3d 306, 308. Moreover, "the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by [the trial] court[,]" and therefore, a reviewing court should defer to the trial court's judgment. (Internal quotations omitted.) Xie, at 525.
 {¶ 23} A trial court does not abuse its discretion in denying a motion to withdraw a plea when the following three elements were present: 1) the defendant was represented by competent counsel; 2) the trial court provided the defendant with a full hearing before entering the plea; and 3) the trial court provided the defendant with a full hearing on the motion to withdraw his plea. Rosemark, 116 Ohio App.3d at 308. Although Appellant has not argued error under each of the three prongs of the test, we address all three prongs.
Competency of Counsel
 {¶ 24} An attorney properly licensed in Ohio is presumed competent. Lott, 51 Ohio St.3d at 174. As noted above in response to Appellant's third assignment of error, Appellant received effective assistance of counsel at the trial level. Thus, Appellant's trial counsel was competent. Accordingly, the first prong of the Rosemark test is met. See Rosemark,116 Ohio App.3d at 308.
Full Hearing Before Entering No Contest Plea
 {¶ 25} Before entering a plea, the trial court must conduct an oral conversation with the defendant in which it addresses the provisions of Crim.R. 11(C)(2). State v. Sherrard, 9th Dist. No. 02CA008065, 2003-Ohio-365, at ¶ 6, citing State v. Engle
(1996), 74 Ohio St.3d 525, 527. Pursuant to Crim.R. 11(C)(2):
"In felony cases the court * * * shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
"(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
"(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
"(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
"The underlying purpose, from the defendant's perspective, of Crim.R. 11(C) is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty." State v. Ballard (1981), 66 Ohio St.2d 473,479-80.
 {¶ 26} In determining whether the trial court complied with the constitutional requirements of Crim.R. 11(C)(2), this Court reviews the record and if the record shows that the trial court "engaged in a meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights in a manner reasonably intelligible to that defendant[,]" the court's acceptance of the guilty plea should be affirmed. (Internal quotations omitted.) State v. Anderson (1995),108 Ohio App.3d 5, 9, quoting Ballard, 66 Ohio St.2d at paragraph two of the syllabus. In the instant matter, this Court finds that the trial court complied with Crim.R. 11.
 {¶ 27} At the plea hearing, the trial court judge orally conducted a plea colloquy with Appellant which addressed Appellant's constitutional rights, the effect on Appellant's parole conditions, the possible sanctions and maximum sentence, the court proceeding with judgment and sentencing, and Appellant's voluntariness in making the plea. Additionally, Appellant completed and executed a written plea colloquy. The trial court also inquired with Appellant to ensure that he understood the contents of the written plea colloquy.
 {¶ 28} Based upon our review of the plea hearing, the trial court did not err in administering and accepting Appellant's plea. Therefore, the second prong of the Rosemark test is satisfied. See Rosemark, 116 Ohio App.3d at 308.
Full Hearing on Motion to Withdraw Plea
 {¶ 29} On August 8, 2005, the trial court held a hearing on Appellant's motion to withdraw his no contest plea. During the hearing, Appellant's counsel argued that Appellant has learned new information as to how the varying outcomes of this case would affect his current conditions of parole. At the time Appellant entered his no contest plea, he was under the mistaken belief that if he went to trial and lost he would be "looking at substantial time" from the Parole Authority. Now Appellant has learned that the Parole Authority is "going to give him credit for time he had already served and would probably reparole [sic] him irregardless [sic] of what happened with this case." The state discredited Appellant's claim of new information by informing the court of its conversations with both Appellant's counsel and the Parole Authority regarding this very issue. The trial court also advised Appellant during the plea colloquy that "a conviction on this offense may well affect [his] parole status and may well result in a parole violation." Appellant's alleged confusion regarding the effect of the no contest plea on his parole status is a collateral consequence of the plea to which "courts are especially loathe to allow an accused to withdraw his plea." Buehl, at *2.
 {¶ 30} Appellant then attempted to explain to the court that he was innocent and wanted to go to trial, but "copped out to a no contest plea" because based on his attorney's advice it "would be the best possible route to take." The state and the trial court both felt that this merely was "a change of heart" and denied Appellant's motion to withdraw his plea. A mere change of heart does not constitute "a legitimate basis for [the] withdrawal of a plea." State v. Miller (July 19, 2000), 9th Dist. No 99CA007334, at *1. Further, Appellant did not provide the trial court with any evidence to support his claims of innocence or establish a meritorious defense. State v. Scott,
9th Dist. No. S-05-035, 2006-Ohio-3875, at ¶ 13.
 {¶ 31} Upon review of the record, this Court cannot say that the trial court abused its discretion in finding Appellant had failed to articulate a reasonable and legitimate basis for withdrawal of his no contest plea. The trial court provided Appellant with a full hearing during which it considered each of Appellant's reasons for withdrawing his plea. We defer to the trial court's judgment in evaluating the "good faith, credibility and weight" of Appellant's motivation and assertions in entering and withdrawing his plea. See Xie, 62 Ohio St.3d at 525. We find the trial court's conclusion amply supported by the record. Accordingly, the third prong of the Rosemark test is fulfilled. See Rosemark, 116 Ohio App.3d at 308. Appellant's second assignment of error is overruled as all three prongs of theRosemark test have been satisfied.
 {¶ 32} Appellant's second assignment of error is overruled.
 D. Fourth Assignment of Error
"THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT ABOVE THE MINIMUM POSSIBLE SENTENCE. THIS SENTENCE IS IN VIOLATION OF SENTENCING GUIDELINES SET FORTH IN THE OHIO REVISED CODE AND IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I, OF THE OHIO CONSTITUTION."
 {¶ 33} Appellant's fourth assignment of error, while only labeled as a challenge to an "above the minimum possible sentence[,]" is actually a challenge to both the imposition of a non-minimum sentence and a consecutive sentence. Appellant asserts that the trial court failed to make the findings required by statute to impose a non-minimum sentence and a consecutive sentence, and further failed to put its findings on the record in accordance with R.C. 2929.14(B), R.C. 2929.19(B)(2), R.C.2929.14(E)(4), and R.C. 2929.41(A). Appellant contends his sentence is contrary to the law and his case should be remanded to the trial court for re-sentencing. This Court disagrees.
 {¶ 34} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, paragraphs one through six of the syllabus, the Ohio Supreme Court held that portions of Ohio's statutory sentencing scheme violated the Sixth Amendment of the United States Constitution, per Blakely v. Washington (2004), 542 U.S. 296. The Court found certain sentencing provisions, including R.C. 2929.14(B), R.C.2929.19(B)(2), R.C. 2929.14(E)(4), and R.C. 2929.41(A), to be unconstitutional to the extent that they required judicial fact finding. Foster at paragraphs one through four of the syllabus. To remedy the sentencing scheme's constitutional violations, the Court excised the offending provisions. Id. at paragraphs one through six of the syllabus. The Court went on to grant trial courts full discretion to impose sentences within the statutory range and relieved the trial courts of the need to make findings in support of an imposition of a maximum, consecutive or more than the minimum sentence. Id. at paragraph seven of the syllabus.
 {¶ 35} Further, "the Foster Court excised R.C. 2953.08(G), which permitted an appellate court to remand matters in order for the trial court to make statutory findings." State v.Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309, at ¶ 20, citing Foster at ¶ 97. Accordingly, an appellant is unable to "premise error on the alleged procedural deficiencies of the trial court's sentencing entry." Dudukovich at ¶ 20.
 {¶ 36} Appellant's arguments are predicated upon R.C.2929.14(B), R.C. 2929.19(B)(2), R.C. 2929.14(E)(4), and R.C.2929.41(A), statutes which no longer exist. Further, the trial court has full discretion to impose a more than the minimum and a consecutive sentence and it does not need to provide the appellant with the basis for such sentencing. Additionally, Appellant has waived this issue for appeal as he did not raise any constitutional challenges to his sentence at his sentencing hearing. See State v. Young, 9th Dist. No. 22636, 2006-Ohio-68, at ¶ 42, citing State v. Riley, 9th Dist. No. 21852,2004-Ohio-4880, at ¶ 32. Accordingly, Appellant's fourth assignment of error lacks merit and is overruled.
 III. {¶ 37} Appellant's four assignments of error are overruled. The judgment of Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. Whitmore, J. Concur.