OPINION
{¶ 1} Defendant-appellant Runako Stroud appeals from her sentence in the Mahoning County Common Pleas Court for voluntary manslaughter, a violation of R.C. 2903.03(A), a first degree felony. This appeal deals with State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Stroud argues that her sentence must be vacated and the minimum sentence issued. She contends that the minimum sentence must be given because Foster violated the United States Constitution's prohibition against ex post facto laws. For the reasons stated below, we find no merit with her ex post facto argument. However, given the mandates of Foster, her sentence is vacated and the case is remanded for resentencing.
 STATEMENT OF CASE {¶ 2} On March 17, 2005 Stroud was indicted for one count of murder, a violation of R.C. 2903.02(A). The indictment alleged that Stroud purposely caused the death of Alvin Montgomery. Stroud entered a not guilty plea. On August 11, 2005, Stroud withdrew her previously entered not guilty plea and pled guilty to the charge of voluntary manslaughter, a violation of R.C. 2903.03(A), a first degree felony. The court accepted the plea and found Stroud guilty.
 {¶ 3} Prior to sentencing, Stroud filed a sentencing memorandum. The sentencing memorandum discussed R.C. 2929.11, 2929.12, 2929.13 and2929.14. However, the sentencing memorandum did not contain any arguments regarding the constitutionality of those sections.
 {¶ 4} Sentencing occurred on October 4, 2005. The trial court found that Stroud inflicted the worst possible injury on the victim and further found that the shortest prison term would demean the seriousness of the offense and would not adequately protect the public. Accordingly, the court ordered the maximum sentence, 10 years. 10/06/05 J.E. Stroud timely appeals raising one assignment of error.
 ASSIGNMENT OF ERROR {¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING THE MAXIMUM TERM OF INCARCERATION, WHICH WAS CONTRARY TO THE LAW IN EFFECT AT THE TIME OF THE SENTENCING OF APPELLANT."
 {¶ 6} Stroud argues that pursuant to State v. Foster,109 Ohio St.3d 1, 20065-Ohio-856, the trial court's imposition of a maximum sentence violated her Sixth Amendment Right to a trial by jury. However, she contends that upon remand, since trial courts are no longer permitted to make findings under R.C. 2929.14(B), she must be given the minimum sentence. In her opinion, to do otherwise violates the United States Constitution's prohibition against ex post facto laws.
 {¶ 7} The state concedes that error occurred in her sentencing. The state bases its concession on Foster. However, the state arguesFoster does not violate the prohibition against ex post facto laws. It contends that the issue of ex post facto, at this point, is not ripe for review. Alternatively, it argues if the merits of ex post facto are considered, that there is no violation.
 {¶ 8} In Foster, the Ohio Supreme Court held that the provisions of the Revised Code relating to nonminimum (R.C 2929.14(B)), maximum (R.C. 2929.14(C)), and consecutive (R.C. 2929.14(E)(4)) sentences are unconstitutional because they require judicial findings of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant. Id. at paragraphs one and three of the syllabus. The Court then went on to hold that those unconstitutional provisions could be severed. Id. at paragraphs two and four of the syllabus. Since the provision could be severed, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 9} The implication of Foster is that trial courts are no longer required to give reasons or findings prior to imposing maximum, consecutive, and/or nonminimum sentences; it has full discretion to impose a sentence within the statutory range. Id. at ¶ 100. However, if a trial court does state findings and reasons for imposing maximum, consecutive and/or nonminimum sentences, the sentence must be vacated and the cause remanded to the trial court for a new sentencing hearing in order for the sentencing to comport with Foster. Id. at ¶ 104.
 {¶ 10} The Ohio Supreme Court explained:
 {¶ 11} "These cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion. We do not order resentencing lightly. Although new sentencing hearings will impose significant time and resource demands on the trial courts within the counties, causing disruption while cases are pending on appeal, we must follow the dictates of the United States Supreme Court. Ohio's felony sentencing code must protectSixth Amendment principles as they have been articulated.
 {¶ 12} "Under R.C. 2929.19 as it stands without (B)(2), the defendants are entitled to a new sentencing hearing although the parties may stipulate to the sentencing court acting on the record before it. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties.United States v. DiFrancesco (1980), 449 U.S. 117." Id. at ¶ 104-105.
 {¶ 13} The Supreme Court makes it clear that the sentences imposed in pending cases and those on direct appeal which used R.C. 2929.14(B)(2) and (E)(4) for sentencing are void and must be remanded to the trial courts. Id. See, also, State v. Pitts, 3d Dist. No. 1-06-02,2006-Ohio-2796. Accordingly, we are required to vacate the sentence and remand the cause to the trial court for additional proceedings.[1]
 {¶ 14} While Stroud agrees with the above, she contends that based upon the prohibition against ex post facto laws, we must instruct the trial court on remand that it can only impose the minimum sentence available. We disagree with her contention.
 {¶ 15} Stroud's argument is based upon the ex post facto clause in the United States Constitution. Her argument, in effect, requests this court to rule that the Ohio Supreme Court's decision in Foster violates the United States Constitution, i.e. she wants this court to hold that the Foster opinion is unconstitutional.
 {¶ 16} This argument is not yet ripe for review. Our sister districts that have reviewed the issue in circumstances such as the one before us have held that the ex post facto issue is not ripe for review.
 {¶ 17} For instance, the Third Appellate District, when faced with a similar argument, explained:
 {¶ 18} "In a supplemental brief, Sanchez essentially argues that remanding the case to the trial court would violate his due process rights because the effect of Foster is to create an ex post facto law. Sanchez argues, under Bouie v. Columbia (1963), 378 U.S. 347, the test is 'whether the late action of the judiciary was unforeseeable at the time of the commission of the offense.' Sanchez argues that theFoster decision did not create a new sentencing procedure, but merely erased a presumption that was beneficial to the defendant, which was a remedy not anticipated. However, these issues are not properly before us because Sanchez has yet to be sentenced." State v. Sanchez, 3d Dist. No. 4-05-47, 2006-Ohio-2141, ¶ 8. See, also, Pitts, 2006-Ohio-2796, ¶ 7.
 {¶ 19} The Sixth Appellate District has agreed with the Third District in that the issue is premature. State v. Lathan, 6th Dist. No. L-03-1188, 2006-Ohio-2490, ¶ 12. Likewise, we also agree.
 {¶ 20} Stroud has not been sentenced under Foster yet. Thus, the ex post facto argument is not ripe for review because it is unclear what sentence she will receive on resentencing.
 {¶ 21} For the foregoing reasons, pursuant to Foster, the sentence is vacated and the case is remanded for resentencing.
Donofrio, P.J., concurs.
Waite, J., concurs.
[1] As an aside, we note that the issue of waiver has arisen in otherFoster related cases before this Court and other Ohio Appellate District Courts of Appeals as well. The issue is whether the lack of objection in the trial court waives the Blakely issue for purposes of appeal when the sentencing occurred after the Blakely decision was announced. Previously we have found that the Ohio Supreme Court in Foster and its progeny have created an exception to the doctrine of waiver. State v. Buchanan, 7th Dist. No. 05MA60, 2006-Ohio-___. Thus, we have found the doctrine of waiver inapplicable to Foster related cases. Id.