OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Defendant-Appellant, John Hohvart, appeals the decision of the Mahoning County Court of Common Pleas that found him guilty of kidnapping and felonious assault and sentenced him to maximum, consecutive sentences. Hohvart raises five issues on appeal. Four of those assignments of error challenge his conviction and each of these is meritless. Hohvart's fifth assignment of error argues his sentence must be vacated pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-0856. This assignment of error is meritorious. Accordingly Hohvart's sentence is vacated and this matter remanded for resentencing in accordance with Foster.
 Facts {¶ 2} On October 3, 2004, Hohvart was in a relationship with Jennifer Whaley while he was separated from his wife. On that day, Whaley was staying at Hohvart's apartment while Hohvart went out with a friend. They eventually met up after midnight and drove to Arby's for some food. They received an incorrect order and on the way back to correct the order Hohvart got into an argument with Whaley. According to Whaley, Hohvart locked her in the car, began hitting her head against the inside of the vehicle, and hit her nose with his elbow.
 {¶ 3} Eventually, Hohvart's car ran out of fuel. Whaley escaped from Hohvart, flagged down a passing vehicle, and was driven to a nearby gas station, where she contacted authorities and was taken for medical treatment. Whaley's nose was broken and required reconstructive surgery, two of her teeth were knocked loose, and a cheekbone was fractured. Police seized Hohvart's car and, after obtaining a warrant, tested blood in the car, which was found to be consistent with Whaley's DNA.
 {¶ 4} Hohvart was indicted for abduction and felonious assault on November 18, 2004. Defense counsel never moved to suppress any evidence and the matter proceeded to a jury trial, but prior to trial the court ruled that the State could not introduce evidence about a prior instance of domestic violence that Hohvart committed against his wife, unless Hohvart opened the door for the introduction of this evidence. During the *Page 2 
presentation of the evidence, the State alleged that Hohvart opened the door to the introduction of this evidence and the trial court agreed. Hohvart was convicted on both counts and the trial court sentenced him to maximum, consecutive sentences.
 Other Acts Evidence {¶ 5} In his first of five assignments of error, Hohvart argues:
 {¶ 6} "The trial court erred, and deprived Mr. Hohvart of his right to a fair trial, when it admitted unfairly prejudicial other acts evidence in violation of Ohio Evid.R. 404(B), 403(A), R.C. 2945.59, and the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, and Section 16, Article I of the Ohio Constitution."
 {¶ 7} Here, Hohvart contends that the trial court erred by allowing the State to introduce evidence of a prior instance of domestic violence that Hohvart committed against his wife. This evidence was introduced both during recross examination and in rebuttal after the trial court decided that Hohvart had opened the door to this testimony. Hohvart maintains that he did not open the door to this type of evidence.
 {¶ 8} As a general rule, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." Evid.R. 404(B); State v.Shedrick(1991), 61 Ohio St.3d 331, 337. However, "[e]vidence of the character of a witness on the issue of credibility is admissible as provided in Rules 607, 608, and 609." Evid.R. 404(A)(3). Thus, the State may introduce evidence showing that a defendant acted in conformity with a bad character trait, such as violence, after the defendant offers evidence of a good character trait, such as peacefulness. State v.Grubb (1996), 111 Ohio App.3d 277, 280.
 {¶ 9} In this case, Hohvart testified that he separated from his wife in January 2001 and that he maintained a separate residence even after they got back together because they "were fighting frequently." He denied being thrown out of the house on cross-examination. An off-record discussion then took place between court and counsel. After that discussion, the State cross-examined Hohvart about a prior instance when he allegedly committed domestic violence against his wife. Hohvart's wife was then called to *Page 3 
the stand in rebuttal to impeach Hohvart's description of those events.
 {¶ 10} There is no indication in the record that Hohvart objected to the introduction of this evidence after Hohvart denied being thrown out of his home. Instead, there is only an unrecorded sidebar, after which the State conducted its inquiry into this matter. Thus, the admission of this evidence must be reviewed for plain error. State v. Gray (1993),85 Ohio App.3d 165.
 {¶ 11} "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). This rule places three limitations on this court's ability to recognize plain error: 1) there must be a deviation from a legal rule; 2) the error must be an obvious defect in the trial proceedings; and, 3) the error must have affected the outcome of the trial. State v. Barnes, 94 Ohio St.3d 21, 27, 2002-Ohio-0068. Even if an error is plain, this court is not obligated to correct that error as the decision to correct plain error is discretionary. Id. Thus, plain error only needs to be corrected "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 12} In this case, we agree that the trial court erred when it allowed the State to inquire into the prior incident of domestic violence which Hohvart allegedly committed against his wife. Hohvart admitted during direct examination that he had a propensity for fighting. The State's inquiry did not impeach an allegation of good character; it merely amplified his admission that he had a bad character trait. Furthermore, it was unnecessary to inquire into the details of the incident to impeach Hohvart's claim that he was not thrown out of the house.
 {¶ 13} Issues surrounding the admissibility of this evidence should have been obvious to the trial court for two reasons. First, Hohvart had filed a motion in limine, which the trial court granted, seeking to exclude the admission of this evidence. Second, the State sought a sidebar prior to inquiring into this area to obtain the court's permission for the inquiry. The trial court clearly should have recognized the issues involved.
 {¶ 14} However, we cannot conclude that the trial court committed plain error since *Page 4 
the outcome of the trial would not have been different but for this error. Whaley accused Hohvart of locking her in the car and beating her. Hohvart admitted that Whaley had suffered injuries and that her blood was in his car, but claimed that she suffered her injuries before meeting him that night. Thus, the case boiled down to a he-said, she-said and hinged on the credibility of both the witness and their version of events.
 {¶ 15} Whaley testified that Hohvart was driving his vehicle and that he never let her drive the vehicle. Hohvart's wife also testified that she was never allowed to drive his vehicle. She then testified that she and Hohvart got into an argument, which led to a beating so severe that she had to have surgery to repair the injuries to her face.
 {¶ 16} Hohvart testified that he let Whaley drive his car while he was out with a friend. After he left his friend's home on foot, Whaley saw him, pulled over the car, and let him drive. According to Hohvart, Whaley was already injured, but not so badly that he felt she needed immediate medical attention.
 {¶ 17} Hohvart's version of events lacks credibility. Whaley's injuries that evening were severe. Both her nose and cheekbone were broken and severely swollen. This significantly altered Whaley's appearance and required surgery to correct. However, Hohvart testified that he did not feel she needed to go to the doctor for those injuries. Instead, he claims he was going to take her to get some fast food. This description of events is just not consistent with the injuries Whaley suffered and, therefore, lacks credibility. Furthermore, Hohvart acknowledged that he fought frequently with his wife, an admission which, although ambiguous, could indicate a propensity for violence. It is difficult to imagine that the outcome of the trial would have been different if evidence of Hohvarft's prior bad act would have been excluded. Accordingly, the trial court did not commit plain error when it allowed this testimony.
 {¶ 18} For these same reasons, counsel's failure to object to this testimony does not constitute the ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate counsel's performance was deficient and that deficient performance prejudiced the defense. Strickland v. Washington (1984),466 U.S. 668, 687. A properly licensed attorney is presumed to *Page 5 
execute his duties in an ethical and competent manner. State v.Smith (1985), 17 Ohio St.3d 98, 100. In order for a court to conclude counsel was ineffective, the defendant must overcome the strong presumption that, under the circumstances, the allegedly ineffective action might be considered sound trial strategy. Strickland at 698;State v. Sallie, 81 Ohio St.3d 673, 674, 1998-Ohio-0343.
 {¶ 19} Ineffectiveness is demonstrated by showing that counsel's errors were so serious that he or she failed to function as the counsel guaranteed by the Sixth Amendment. State v. Hamblin (1988),37 Ohio St.3d 153, 156. The defendant must demonstrate more than vague speculations of prejudice to show counsel was ineffective. State v.Otte, 74 Ohio St.3d 555, 565, 1996-Ohio-0108. To establish prejudice, a defendant must show there is a reasonable possibility that, but for counsel's errors, the result of the proceeding would have been different. Strickland at 694. A reasonable possibility must be a probability sufficient to undermine confidence in the outcome of the case. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. The defendant bears the burden of proof in demonstrating ineffective assistance of counsel. Smith at 100.
 {¶ 20} In this case, counsel could not have been ineffective since there is not a reasonable possibility that, but for counsel's errors, the result of the proceeding would have been different. Accordingly, Hohvart's arguments within his first assignment of error are all meritless.
 Suppression {¶ 21} In his second assignment of error, Hohvart argues:
 {¶ 22} "The trial court erred by permitting the jury to hear evidence that should have been suppressed in violation of Mr. Hohvart's rights under the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, as well as Section 16, Article I of the Ohio Constitution."
 {¶ 23} Hohvart contends that his counsel was ineffective for failing to move for the suppression of all evidence resulting from the warrantless seizure of his vehicle. Trial counsel's "failure to file a suppression motion does not constitute per se ineffective *Page 6 
assistance of counsel" since "[f]iling a motion to suppress is not without risks." Kimmelman v. Morrison (1986), 477 U.S. 365, 384;State v. Madrigal, 87 Ohio St.3d 378, 389, 2000-Ohio-0448. Courts must look to the facts of the case to determine whether counsel made a tactical decision not to file such a motion. Madrigal at 389. Furthermore, counsel is not ineffective for failing to file a motion to suppress if there was no reasonable probability of success or there was no prejudice to the defendant. State v. Nields, 93 Ohio St.3d 6, 34,2001-Ohio-1291.
 {¶ 24} It is difficult for a defendant to establish in hindsight that a suppression motion would have been granted on the basis of evidence contained in a trial transcript. State v. Morrison, 4th Dist. No. 03CA13, 2004-Ohio-5724. "[T]he record developed at trial is generally inadequate to determine the validity of the suppression motion" since the issues at trial are different than the issues at a suppression motion. State v. Culbertson (Nov. 13, 2000), 4th Dist. No. 2000CA00129, at 4.
 {¶ 25} This case is an example of these difficulties. It appears that there was a warrantless seizure of Hohvart's automobile. The vehicle was towed from the parking lot of Hohvart's apartment on October 8, 2004, and a search warrant was not executed on the vehicle until October 15, 2004. The detective in charge of this case explicitly stated that he did not obtain the warrant to search the car until after it had already been seized.
 {¶ 26} Nevertheless, other than the fact that the car was seized without a warrant in the parking lot of Hohvart's apartment, there was no discussion of the circumstances surrounding that seizure at trial. Without those surrounding circumstances, there is insufficient evidence in the record to determine whether there was a reasonable possibility that Hohvart would have successfully suppressed this evidence
 {¶ 27} Regardless, Hohvart's argument still fails because, the suppression of this evidence would not have affected the outcome of the trial. As stated above, this case boiled down to a "he-said, she-said" dispute and Hohvart's version of events was simply not credible and his lack of credibility has nothing to do with what was found as a result of the seizure of his vehicle. Thus, Hohvart cannot show how there is a reasonable probability that the outcome of the case would have been different if this evidence had *Page 7 
been suppressed. Hohvart's trial counsel was not ineffective for failing to move to suppress any evidence obtained as a result of the warrantless seizure of his vehicle and the arguments in his second assignment of error are meritless.
 Separation of Witnesses {¶ 28} In his third assignment of error, Hohvart argues:
 {¶ 29} "The trial court erred by permitting Michelle Hohvart to testify over objection even though the State violated a separation of witnesses."
 {¶ 30} The trial court allowed Hohvart's wife to testify in rebuttal even though the trial court had ordered a separation of witnesses and she had stayed in the courtroom to observe the trial after she testified in the State's case-in-chief. Hohvart believes the trial court abused its discretion by allowing her to testify in rebuttal.
 {¶ 31} Evid.R. 615 gives the trial court the power to exclude prospective witnesses from the courtroom during a hearing. The purpose of separating witnesses is to prevent them from hearing the testimony of other witnesses and tailoring their testimony accordingly. State v.Waddy (1992), 63 Ohio St.3d 424, 434. Issues surrounding the separation of witnesses and sanctions for the failure to comply with a separation order are within the sound discretion of the trial court. State v.Smith (1990), 49 Ohio St.3d 137, 142. In order to exclude the testimony of a witness who has violated a separation order, the movant must show, among other things, that the party calling the witness consented to, connived in, procured, or had knowledge of the witness's disobedience. Id. In reviewing the trial court's actions, an appellate court must keep in mind that "[t]he preferred sanction is simply to allow the transgression to reflect upon the witness's credibility." State v.Williams (Oct. 16, 1998), 2d Dist. No. 97-CA-0131.
 {¶ 32} In this case, the trial court ordered a separation of witnesses prior to the opening statements. Hohvart's wife testified as the last of the witnesses in the State's case-in-chief. It appears she then remained in the courtroom during the presentation of the testimony from Hohvart's witnesses. One of Hohvart's witnesses was Hohvart himself, who testified about certain arguments he had with his wife. The State then called her as a rebuttal witness, over Hohvart's objection that doing so would violate the *Page 8 
separation of witnesses order. The trial court overruled Hohvart's objection and allowed his wife to testify in rebuttal.
 {¶ 33} Hohvart contends that the State should have interrupted Hohvart's testimony as soon as it believed he may have opened the door to rebuttal by his wife to usher her out of the courtroom. However, there is nothing in the record showing that the State helped Hohvart's wife intentionally disobey the trial court's separation order. The State could not be sure that Hohvart would testify, and there is no indication that she could have been called in rebuttal to the testimony of any other witness, so there was no immediate reason for his wife to be excluded from hearing the rest of the testimony after she finished testifying.
 {¶ 34} Given these facts, the trial court did not abuse its discretion by letting Hohvart's wife testify simply because she heard Hohvart's testimony. There is no indication in the record that the State assisted in circumventing the court's order and Hohvart could have used his wife's presence during his testimony as a basis to question her credibility. Hohvart's third assignment of error is meritless.
 Cumulative Error {¶ 35} In his fourth assignment of error, Hohvart argues
 {¶ 36} "Cumulative error prejudiced Mr. Hohvart."
 {¶ 37} Although a particular error might not constitute prejudicial error in and of itself, a conviction may be reversed if the cumulative effect of the errors deprives appellant of a fair trial, despite the fact that each error individually does not constitute cause for reversal. State v. DeMarco (1987), 31 Ohio St.3d 191, paragraph two of the syllabus. However, the doctrine of cumulative error is not applicable where appellant fails to establish multiple instances of harmless error during the course of the trial. State v. Garner (1995),74 Ohio St.3d 49, 64, 1995-Ohio-0168. A defendant claiming cumulative error must make "a persuasive showing of cumulative error." State v.Sanders, 92 Ohio St.3d 245, 279, 2001-Ohio-0189.
 {¶ 38} There are not multiple instances of cumulative error in this case. Accordingly, the doctrine of cumulative error does not apply. Hohvart's fourth assignment *Page 9 
of error is meritless.
 ANALYSIS Sentencing {¶ 39} In his final assignment of error, Hohvart argues:
 {¶ 40} "The trial court erred by imposing an illegal sentence."
 {¶ 41} In this assignment of error, Hohvart maintains that his sentence violates his right to a jury trial and that the Ohio Supreme Court's remedy in Foster constitutes an unconstitutional ex post facto law.
 {¶ 42} Foster declared portions of Ohio's former sentencing scheme unconstitutional. Under R.C. 2929.14(C), a trial court could not sentence an offender to the maximum possible prison term unless it first made particular findings. In Foster, the Ohio Supreme Court held that this statutory section violated defendants' right to a jury trial, as that right is defined in Blakely v. Washington (2004), 542 U.S. 296, and declared R.C. 2929.14(C) void. See Foster at paragraphs one and two of the syllabus. The Ohio Supreme Court then mandated that all cases "pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion." Id. at ¶ 104. This court has previously held that the Ohio Supreme Court's mandate inFoster prevents it from applying the doctrine of waiver to these issues.State v. Buchanan, 7th Dist No. 05 MA 60, 2006-Ohio-5653.
 {¶ 43} In this case, Hohvart was sentenced under R.C. 2929.14(C) to the maximum possible sentence. Accordingly, we must reverse his sentence and remand the case for resentencing consistent with Foster.
 {¶ 44} Hohvart contends that this result violates the constitutional prohibition against ex post facto laws, but this court has recently held that these issues are not ripe for review until after an offender is sentenced under Foster. State v. Stroud, 7th Dist. No. 05 MA 179,2006-Ohio-7079, at ¶ 20. Furthermore, we have recently found no merit to these arguments when addressing them when raised at the proper time. SeeState v. Palmer, 7th Dist. No. 06JE20, 2007-Ohio-1572.
 {¶ 45} Accordingly, Hohvart's fifth assignment of error is meritorious. *Page 10 
 Conclusion {¶ 46} In conclusion, each of Hohvart's arguments challenging his conviction is meritless. Nevertheless, Hohvart's sentence is vacated and this case is remanded to the trial court for resentencing pursuant toFoster.
 Donofrio, J., concurs, Waite, J., concurs. *Page 1