DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Tracy L. Stoyer, has appealed from her convictions in the Summit County Court of Common Pleas. This Court affirms.
 I {¶ 2} On May 15, 2007, a Stow Police Officer stopped Stoyer's vehicle for a traffic violation and arrested Stoyer upon discovering that her blood alcohol concentration level exceeded the legal limit. After her initial appearance, Stoyer was bound over to the Summit County Court of Common Pleas. On June 28, 2007, the grand jury indicted Stoyer on the following counts: (1) two counts of operating a vehicle under the influence ("OVI") of alcohol or drugs pursuant to R.C. 4511.19(A)(1)(a); (2) driving under suspension pursuant to R.C. 4510.11; (3) improper lane change pursuant to R.C. 4511.33; and (4) improper registration pursuant to R.C. 4549.08. Both of Stoyer's OVI counts were indicted as felonies of the fourth degree *Page 2 
because the grand jury also found that Stoyer had "been convicted of or pled guilty, in the past six years, to three or more violations of R.C. 4511.19(A) or (B).
 {¶ 3} On September 28, 2007, Stoyer filed a motion in limine, seeking to exclude her "prior convictions for purposes of penalty enhancement" because they were uncounseled. On October 9, 2007, the State responded to Stoyer's motion. The trial court denied Stoyer's motion on November 1, 2007. The trial court determined that Stoyer failed to file "any affidavits, entries, documents, or other evidence to establish a prima facie showing that her prior convictions were uncounseled." Moreover, the trial court determined that Stoyer had counsel in two of her three previous cases and that she had signed a written waiver of counsel in the third case.
 {¶ 4} On November 9, 2007, Stoyer entered into a plea agreement. The State dismissed one of the OVI counts from the indictment, and Stoyer pled no contest to all of the remaining counts. Consequently, Stoyer pled no contest to one count of OVI, a felony of the fourth degree. On December 6, 2007, the trial court entered a finding of guilt and sentenced Stoyer to a total of two years in prison and three years of post-release control.
 {¶ 5} On December 18, 2007, Stoyer filed her notice of appeal. Subsequently, we issued a show cause order, indicating that the trial court's sentencing entry was not a final, appealable order. On February 7, 2008, the trial court filed a corrected entry. Stoyer's appeal is now properly before this Court, raising one assignment of error for our review.
 II Assignment of Error "THE TRIAL COURT'S DENIAL OF APPELLANT'S MOTION IN LIMINE REGARDING THE USE OF UNCOUNSELED CONVICTIONS AS A PREDICATE FOR A FELONY CONVICTION WAS CONTRARY TO LAW *Page 3 
AND AN UNDUE AND IMPROPER INFRINGEMENT UPON HER CONSTITUTIONAL RIGHTS."
 {¶ 6} In her sole assignment of error, Stoyer argues that the trial court erred in denying her motion in limine because her previous convictions were uncounseled, and thus, not a proper basis for a penalty enhancement. We decline to address the merits of Stoyer's argument because she has not preserved this issue for appeal.
 {¶ 7} "[A] motion in limine does not preserve the record on appeal[;] * * * [a]n appellate court need not review the propriety of such an order unless the claimed error is preserved by a timely objection when the issue is actually reached during the trial." (Emphasis omitted.)State v. Grubb (1986), 28 Ohio St.3d 199, 203, citing State v.White (1982), 6 Ohio App.3d 1. This is because a motion in limine is "merely a preliminary ruling concerning an evidentiary issue that was anticipated but not yet presented in its full context." State v.Chandathany, 9th Dist. No. 02CA0081-M, 2003-Ohio-1593, at ¶ 5, citingGrubb, 28 Ohio St.3d at 203. Consequently, this Court reviews the trial record, not the motion in limine ruling, to determine whether an appellant preserved a contested issue by entering a timely objection at trial. In this case, however, Stoyer never had a trial. Rather, she agreed to plead no contest to the charges that resulted in her convictions. She now attempts to challenge these convictions by using her motion in limine as a means of circumventing her plea. We find fault with this procedure.
 {¶ 8} "When there is no trial, there can be no evidentiary ruling for the court to review and no prejudice suffered by the party." State v.Smith, 9th Dist. No. 05CA008822, 2006-Ohio-4419, at ¶ 7, citingState v. Sanchez, 3d Dist. No. 04-05-47, 2006-Ohio-2141, at ¶ 5; Statev. James (May 11, 1994), 9th Dist. No. 2261-M, at *1. Additionally, "[a] no contest plea does not preserve for appellate review the trial court's ruling on a motion in limine." Smith at ¶ 7, quoting State v.Lewis, 10th Dist. No. 04AP-1249, 2005-Ohio-5921, at ¶ 6. In State v.Smith, Smith *Page 4 
sought to exclude the admission of a 1981 conviction of complicity to commit rape in the State's case-in-chief, but the trial court denied his motion in limine. Smith at ¶ 8. In reviewing Smith's appeal, we held the following:
 "In response to the trial court's denial of his motion in limine, [Smith] changed his not guilty plea to no contest and was found guilty * * *. As there was no trial in this matter, the trial court's ruling on the motion in limine was only tentative and caused no prejudice to Appellant. Further, Appellant's no contest plea was inadequate to preserve the issue for appeal. Accordingly, we are precluded from reviewing the substantive merits of the trial court's decision on the motion in limine." Id. at ¶ 9.
We find that Smith's holding applies to this case as well.
 {¶ 9} Stoyer filed a motion in limine to challenge her prior convictions, but agreed to enter a plea of no contest after the trial court denied her motion. Thus, she failed to adequately preserve the issue for appeal, and we cannot review the substantive merits of her argument. See id. Stoyer's sole assignment of error is overruled.
 III {¶ 10} Stoyer's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27. *Page 5 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 SLABY, J. MOORE, P. J. CONCUR *Page 1