JOURNAL ENTRY and OPINION
{¶ 1} Defendant Russell Stokes (appellant) appeals his 17-year prison sentence as being unconstitutional. After reviewing the facts of the case and pertinent law, we vacate appellant's sentence and remand his case for a new sentencing hearing.
 I. {¶ 2} On October 25, 2005, the court sentenced appellant to an aggregate of 17 years in prison, after he pled guilty to two counts of rape, one count of aggravated burglary and one count of felonious assault. This included a seven-year sentence on the first rape charge, to run consecutive to a maximum ten-year sentence on the second rape charge.
 II. {¶ 3} In his first assignment of error, appellant argues that "the trial court erred by ordering appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14(e)(4)." In his second assignment of error, appellant makes the same argument, as applied to his maximum sentence. Specifically, appellant argues that the court failed to make the statutory findings that were required under parts of S.B. 2 that have since been found unconstitutional by the Ohio Supreme Court in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. Appellant acknowledges Foster, which was handed down after he filed his notice of appeal but before he filed his appellate brief; however, he argues that the case does not apply to him under the principles prohibiting ex post facto laws.
 {¶ 4} We reject appellant's argument and apply Foster to his case. "As the Supreme Court mandated in Booker, we must apply [Foster] to all cases on direct review." Id. at 31 (internal citations omitted). The notice of appeal in the instant case was filed on October 27, 2005, and Foster was decided on February 27, 2006; therefore, appellant's case was pending as contemplated by the Foster court.
 {¶ 5} In Foster, the Ohio Supreme Court found that several provisions of S.B. 2 violate Blakely v. Washington (2004),542 U.S. 269. Specifically, the court held:
"Ohio's sentencing statutes offend the constitutional principles announced in Blakely in four areas. As was reaffirmed by the Supreme Court in Booker, `Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.'"
Foster, supra, at ¶ 82 (citing United States v. Booker
(2005), 543 U.S. 220, 224).
 {¶ 6} The Foster court severed R.C. 2929.14(B),2929.19(B)(2) and 2929.14(E)(4), which govern more than the minimum and consecutive sentences, and rendered them unconstitutional. As a result, the trial court is no longer obligated to follow these mandatory guidelines when sentencing a felony offender. "Where sentencing is left to the unguided discretion of the judge, there is no judicial impingement upon the traditional role of the jury." Foster, supra, at ¶ 90.
 {¶ 7} Thus, in accordance with Foster, we sustain this assignment of error and remand this case for a new sentencing hearing. We note that the court may want to keep in mind the Ohio Supreme Court's holding in State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, at ¶ 38:
"Although after Foster, the trial court is no longer compelled to make findings and give reasons at the sentencing hearing, * * * nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purpose of sentencing, and R.C. 2929.12, which provides guidance in considering the factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by the statutes that are specific to the case itself."
 {¶ 8} Accordingly, we sustain appellant's assignments of error, although for reasons different than those argued in his brief. Appellant's sentence is vacated and his case is remanded to the trial court for a new sentencing hearing.
 {¶ 9} This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Colleen Conway Cooney, P.J., concurs; Michael J. Corrigan, J.,Concurs In Judgment Only.