{¶ 1} Defendant-appellant, Marques Manus ("appellant"), appeals his convictions for abduction and gross sexual imposition. He further appeals his sentence, including his classification as a sexual predator. For the reasons set forth below, we affirm his convictions and his classification as a sexual predator, but vacate his sentence and remand the case for resentencing.
 {¶ 2} On October 18, 2005, the Cuyahoga County Grand Jury indicted appellant on four counts: count one alleged kidnapping, in violation of R.C.2905.01, with a sexual motivation specification, R.C. 2941.147, and a sexually violent predator specification, R.C. 2971.01; count two alleged gross sexual imposition, in violation of R.C. 2907.05, with a sexually violent predator specification, R.C. 29.71.01(I); count three alleged gross sexual imposition, in violation of R.C. 2907.05, with a sexually violent predator specification, R.C. 2971.01(I); and count four alleged burglary, in violation of R.C. 2911.12, with a sexual motivation specification, R.C. 2941.147, and a sexually violent predator specification, R.C. 2971.01(I). Originally, appellant pled not guilty to the charges in the indictment.
 {¶ 3} On January 11, 2006, the trial court conducted a plea hearing. Per a plea agreement reached by appellant and the state, the state agreed to amend count one of the indictment from kidnapping, in violation of R.C. 2905.01, to abduction, in violation of R.C. 2905.02. In return, appellant agreed to plead guilty to the amended charge and two counts of gross sexual imposition, in violation of R.C. 2907.05. Additionally, as a result of the plea agreement, the state requested the dismissal of the burglary count as well as the sexually violent predator specifications in the two gross sexual imposition counts. The state also indicated, and defense counsel confirmed, that appellant would stipulate to being a sexual predator for the purpose of classification. The court referred appellant for a presentence investigation report and to the Court Psychiatric Clinic for a mitigation of penalty and/or mentally disordered offenders report.
 {¶ 4} On January 23, 2006, appellant sent a pro se motion to withdraw his guilty plea to the trial court. On February 9, 2006, the court held a hearing regarding appellant's pro se motion. At the hearing, the prosecutor and defense counsel had the opportunity to speak, as did appellant. After hearing arguments, the court denied appellant's motion.
 {¶ 5} The court then proceeded to sentencing. The court found that the abduction charge was an allied offense of the two gross sexual imposition charges and, thus, merged them for sentencing. The court sentenced appellant to 17 months incarceration on each of the gross sexual imposition charges, to run consecutively to each other, for a total of 34 months. Additionally, on that day, the trial court conducted a House Bill 180 hearing and ultimately adjudicated appellant a sexual predator.
 {¶ 6} Appellant now appeals and asserts two assignments of error for our review. Appellant's first assignment of error states:
 {¶ 7} "The trial court erred in not allowing Appellant to withdraw his guilty plea prior to sentencing."
 {¶ 8} Crim.R. 32.1 provides:
 {¶ 9} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 10} A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court and will not be overturned on appeal absent an abuse of that discretion. State v. Stumpf ( 1987),32 Ohio St.3d 95, 104, 512 N.E.2d 598; State v. Smith (1977), 49 Ohio St.2d 261,361 N.E.2d 1324, paragraph two of the syllabus. "The term 'abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 11} A trial court does not abuse its discretion in overruling a motion to withdraw (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request. State v. Peterseim (1980), 68 Ohio App.2d 211, 428 N.E.2d 863, paragraph three of the syllabus.
 {¶ 12} In this assignment of error, appellant contends his guilty plea was not knowingly, intelligently or voluntarily made because he "may have been having mental or physical health issues during the plea." In support of his argument, appellant argues that he may have been having an anxiety attack during the plea and that the court did not address this issue during the hearing. We find appellant's arguments without merit as the trial court clearly afforded appellant a full hearing pursuant to Crim.R. 11 before he entered the plea.
 {¶ 13} Crim.R. 11(C) provides in pertinent part:
 {¶ 14} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 {¶ 15} "(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 {¶ 16} "(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 {¶ 17} "(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."
 {¶ 18} The underlying purpose of Crim.R. 11(C) is to convey certain information to the defendant in order to allow him or her to make a voluntary and intelligent decision of whether or not to plead guilty.State v. Ballard (1981), 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115.
 {¶ 19} With respect to constitutional rights, a trial court must strictly comply with the dictates of Crim.R. 11(C). State v.Colbert (1991), 71 Ohio App.3d 734, 595 N.E.2d 401. However, a trial court need not use the exact language found in that rule when informing a defendant of his constitutional rights. State v. Ballard, supra, paragraph two of the syllabus. Rather, a trial court must explain those rights in a manner reasonably intelligible to the defendant. Id.
 {¶ 20} For nonconstitutional rights, scrupulous adherence to Crim.R. 11(C) is not required; the trial court must substantially comply, provided no prejudicial effect occurs before a guilty plea is accepted.State v. Stewart (1977), 51 Ohio St.2d 86, 364 N.E.2d 1163. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implication of his plea and the rights he is waiving." State v. Nero (1990), 56 Ohio St.3d 106, 108,564 N.E.2d 474.
 {¶ 21} In this matter, we conclude that the trial court fully complied with both the constitutional and nonconstitutional provisions of Crim.R. 11. The trial court determined that appellant understood the crime to which he was pleading guilty and the corresponding penalty. The trial court advised appellant that his guilty plea would constitute a complete admission of guilt and that upon acceptance of his plea, the court could proceed with sentencing. The trial court determined that appellant had not been induced, forced, or threatened to plead guilty. Additionally, the court properly explained that by pleading guilty, appellant waived his right to a jury trial, his right to confront witnesses, his right to compulsory process, his right to require the state to prove his guilt beyond a reasonable doubt, and his right not to be compelled to testify against himself.
 {¶ 22} Further, appellant's counsel stated on the record that he had explained appellant's rights to him (T. 5), Cf. State v.Cumberlander, Franklin App. No. 02AP-1294, 2003-Ohio-5948, and "it would be illogical for this court to predicate reversible error on the basis that the trial court failed to advise appellant of rights of which he already knew." State v. Boyd (1994), 95 Ohio App.3d 679, 643 N.E.2d 581.
 {¶ 23} In addition to affording appellant a full hearing pursuant to Crim.R. 11, we also find that the trial court complied with the requirements of State v. Peterseim, supra. The court determined that appellant was represented by competent counsel at the plea proceedings. Thereafter, the trial court held a complete and impartial hearing on the motion for withdrawal, and gave full and fair consideration to the plea withdrawal request and the arguments raised therein. Upon our review of the record, we find that the court complied with the requirements set forth in State v. Peterseim, supra, and did not abuse its discretion in denying the motion for withdrawal of the guilty plea. This assignment of error is overruled.
 {¶ 24} Appellant's second assignment of error states:
 {¶ 25} "The trial court erred by ordering Appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14(e)(4)."
 {¶ 26} In this assignment of error, appellant contends that the court failed to make the statutory findings that were required under parts of S.B. 2 that have since been found unconstitutional by the Supreme Court of Ohio in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470. Appellant recognizes Foster, which the state concedes is applicable to this case. Appellant, however, maintains that Foster is inapplicable to him because it violates his rights against ex post facto legislation and his due process rights.
 {¶ 27} We reject appellant's argument and apply Foster to his case. InFoster, the Ohio Supreme Court found that several provisions of S.B. 2, including R.C. 2929.14(E)(4), 2929.14(A), 2929.14(B) and (C), and2929.19(B)(2), violate Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403. Specifically, the court held:
 {¶ 28} "Ohio's sentencing statutes offend the constitutional principles announced in Blakely in four areas. As was reaffirmed by the Supreme Court in Booker, 'Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.'" Foster, supra at 25, citing United States v. Booker (2005),543 U.S. 220, 224, 125 S.Ct. 738, 160 L.Ed.2d 621.
 {¶ 29} Therefore, the court severed and excised these provisions from S.B. 2 and ordered that cases on direct review be remanded for a new sentencing hearing. Foster, supra at 29-31. Consequently, the trial court is no longer required to follow these mandatory guidelines when sentencing a felony offender to maximum, consecutive, or more than the minimum sentences. Id. at 30.
 {¶ 30} In the instant matter, the trial court relied on unconstitutional provisions when it imposed appellant's consecutive sentences. Thus, appellant's sentences are void. Accordingly, we vacate his sentences and remand the case to the trial court for resentencing in accordance with Foster. In doing so, we note the Ohio Supreme Court's holding in State v. Mathis, 109 Ohio St.3d 54, 62, 2006-Ohio-855,846 N.E.2d 1:
 {¶ 31} "Although after Foster, the trial court is no longer compelled to make findings and give reasons at the sentencing hearing since R.C.2929.19(B)(2) has been excised, nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purpose of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself."
 {¶ 32} We further find appellant's argument that Foster violates his rights against ex post facto legislation and due process rights to be premature. This issue is not ripe for review because appellant has yet to be sentenced under Foster. State v. Erwin, Cuyahoga App. No. 87333,2006-Ohio-4498; State v. McCarroll, Cuyahoga App. No. 86901,2006-Ohio-3010; State v. Chambers, Cuyahoga App. No. 87221,2006-Ohio-4889; State v. Rady, Lake App. No. 2006-L-012, 2006-Ohio-3434;State v. Pitts, Allen App. No. 01-06-02, 2006-Ohio-2796; State v.Sanchez, Defiance App. No. 4-05-47, 2006-Ohio-2141.
 {¶ 33} Therefore, we sustain appellant's second assignment of error, although for reasons different than those argued by appellant. Accordingly, we vacate his sentence and remand the case to the trial court for a new sentencing hearing.
 {¶ 34} Appellant's third assignment of error states:
 {¶ 35} "Appellant was denied effective assistance of counsel as guaranteed by Section 10, Article I, of the Ohio Constitution and theSixth and Fourteenth Amendments to the United States Constitution."
 {¶ 36} In order to demonstrate ineffective counsel, a defendant must show, not only that his counsel's representation was deficient, but also that the deficient performance prejudiced the defense. Strickland v.Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052;State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. Counsel's performance may be found to be deficient if counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, supra, at 687. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley, supra, at paragraph two of the syllabus; see, also, Strickland, supra, at 687.
 {¶ 37} A defendant has the burden of proving ineffective assistance of counsel and there is a strong presumption that a properly licensed trial counsel rendered adequate assistance. State v. Smith (1985),17 Ohio St.3d 98, 100, 477 N.E.2d 1128. As the Strickland Court stated, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland v. Washington, 466 U.S. at 689; see, also,State v. Hamblin (1988), 37 Ohio St.3d 153, 524 N.E.2d 476.
 {¶ 38} In the instant matter, appellant argues that defense counsel was ineffective because he stipulated at the plea hearing to the appellant's being classified as a sexual predator. We find appellant's argument without merit.
 {¶ 39} First, we note that while appellant's counsel stipulated to appellant's being classified as a sexual predator, the trial court nevertheless held a hearing and classified appellant as a sexual predator based upon the evidence presented at the classification hearing, not based on any stipulation. For this reason alone, we find appellant's argument without merit.
 {¶ 40} Additionally, we find appellant's argument without merit because we find the stipulation to be a reasonable tactical decision. Appellant gained a great deal by agreeing to be classified as a sexual predator. The state agreed to amend count one of the indictment from kidnapping, in violation of R.C. 2905.01, to abduction, in violation of R.C. 2905.02. In return, appellant agreed to plead guilty to the amended charge and two counts of gross sexual imposition, in violation of R.C.2907.05. Additionally, as a result of the plea agreement, the state requested the dismissal of the burglary count as well as the sexually violent predator specifications in the two gross sexual imposition counts. Finally, appellant agreed to be classified as a sexual predator in return for the aforementioned lesser charges. By agreeing to the foregoing, appellant escaped a possible life sentence and instead was subjected to a sentence of only 34 months. Accordingly, appellant's argument that counsel was ineffective for stipulating that appellant is a sexual predator is meritless. Appellant's third assignment of error is without merit.
 {¶ 41} Appellant's fourth assignment of error states:
 {¶ 42} "The trial court erred when it classified Appellant as a sexual predator."
 {¶ 43} With regard to procedure, we note that "clearly, the trial court is the trier of facts in sexual classification hearings. On appeal, therefore, this court's role is to determine whether the weight of the evidence supports the trial court's decision. * * * Decisions that are supported by competent, credible evidence will not be reversed by a reviewing court as being against the manifest weight of the evidence." State v. Hills, Cuyahoga App. No. 78546, 2002-Ohio-497.
 {¶ 44} A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E). During a sexual predator hearing, the court "shall determine by clear and convincing evidence whether the offender is a sexual predator." R.C. 2950.09(B)(3). "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." State v. Eppinger, 91 Ohio St.3d 158, 164, 2001-Ohio-247,743 N.E.2d 881, quoting Cross v. Ledford (1954), 161 Ohio St. 469, 477,120 N.E.2d 118.
 {¶ 45} When determinating whether an offender is a sexual predator, the court must consider the factors enumerated in R.C. 2950.09(B)(2):
 {¶ 46} "(a) The offender's age;
 {¶ 47} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 48} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 49} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 50} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 51} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 52} "(g) Any mental illness or mental disability of the offender;
 {¶ 53} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 54} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 55} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 56} R.C. 2950.09(B)(2) does not mandate that each factor be satisfied. Instead, it simply requires the trial court to consider all the factors which are relevant to its determination. As the Ohio Supreme Court stated, a "judge must consider the guidelines set out in R.C.2950.09(B)(2), but the judge has discretion to determine what weight, if any, he or she will assign to each guideline." State v. Thompson,92 Ohio St.3d 584, 588, 2001-Ohio-1288, 752 N.E.2d 276.
 {¶ 57} The key to any sexual predator hearing is determining whether the offender is likely to reoffend in the future. While we realize that recidivism is difficult to predict, the trial court should be guided by the Ohio Supreme Court's decision in Eppinger, supra at 166, where the court identified a model procedure for a sexual predator hearing.
 {¶ 58} In a sexual predator hearing, the court has essentially three objectives. Id. First, the court must create, for review, a clear and accurate record of the evidence and testimony considered. Id. Second, the trial court may require the assistance of an expert in determining whether an offender is likely to commit a sexually oriented offense in the future. Id. Finally, the court should discuss, on the record, the evidence and factors of R.C. 2950.09(B)(2) upon which it relied in making its determination as to the sexual offender classification. Id.
 {¶ 59} In the instant matter, a complete record has been prepared for review. The transcript of the sexual predator classification hearing has been provided, which includes both parties' arguments. Additionally, both parties stipulated to the use of the report of Dr. Casso from the Court Psychiatric Clinic.
 {¶ 60} In addition to creating a clear record, the court discussed Dr. Casso's psychiatric evaluation of appellant. The court gave deference to Dr. Casso's opinion that appellant was in the "high" risk category for reoffending. The court noted that the Static-99 test, an actuarial instrument designed to assist in the prediction of sexual offense recidivism for people convicted of a crime, predicted that there is a 39% probability that appellant will reoffend sexually within 5 years, 45% probability within 10 years, and 52% probability within 15 years.
 {¶ 61} Finally, in reviewing the record of the instant matter, it is clear that the trial court adhered to the statutory requirements and considered the factors enumerated in R.C. 2950.09(B)(2). In conducting the sexual predator hearing, the trial court stated which factors were most relevant to the sexual predator determination. First, the court found that appellant's past criminal record indicates he is likely to engage in sexually oriented offenses in the future. The court considered appellant's prior sexual conviction for gross sexual imposition, as well as his non-sexual violence conviction for abduction, for which he was sentenced to prison, classified as a sexually oriented offender and placed on five years postrelease control. The court also noticed that the victim was unrelated to appellant and was a stranger. Additionally, the victim in this case was of a young age, i.e., between the ages of 18 and 24. Finally, the court noted that appellant has not lived with a "significant other" for at least two years.
 {¶ 62} In the case herein, a review of the record demonstrates that the trial court was presented with clear and convincing evidence to support its ultimate adjudication that appellant is a sexual predator as contemplated by R.C. 2950.01(E). Therefore, appellant's fourth assignment of error is without merit.
 {¶ 63} In accordance with the foregoing, appellant's convictions and his sexual predator classification are affirmed, but his sentence is vacated and the case is remanded for resentencing.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and PATRICIA ANN BLACKMON, J., CONCUR.