JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} On July 27, 1999, a Cuyahoga County Grand Jury indicted defendant-appellant Jeffrey Hitchcock ("Hitchcock") with the following five counts: one count of aggravated murder, one count of murder, one count of felonious assault, and two counts of child endangerment. For the reasons set forth below, we affirm.
 {¶ 2} On November 2, 1999, the trial court conducted a plea hearing and sentencing hearing. The State of Ohio nolled the following counts: aggravated murder, felonious assault, and one count of child endangerment. After the parties agreed to the reduction of the murder charge, Hitchcock pled guilty to involuntary manslaughter. Hitchcock also pled guilty to the remaining child endangerment charge. Lastly, Hitchcock, as part of his plea agreement, agreed to waive any appellate rights concerning his plea and sentence. *Page 3 
 {¶ 3} The trial court sentenced Hitchcock to seventeen years of imprisonment: ten years for involuntary manslaughter and seven years for child endangerment, with the sentences to be served consecutively.
 {¶ 4} On December 21, 2001, Hitchcock filed an appeal, which was dismissed by the Court of Appeals on January 23, 2002. A subsequent appeal to the Supreme Court was denied on July 22, 2002.
 {¶ 5} On July 29, 2005, Hitchcock filed a pro se motion to withdraw his guilty plea. On November 29, 2005, via assigned counsel, Hitchcock filed an amended motion to withdraw his guilty plea. On January 30, 2006, the State filed a motion to dismiss Hitchcock's amended motion to withdraw his guilty plea. On September 13, 2006, the trial court denied Hitchcock's amended motion and granted the State's motion to dismiss.
 {¶ 6} The facts giving rise to the case at bar occurred on April 30, 1999, at 1012 Prospect Avenue in Cleveland, Ohio, at approximately 3:00 a.m. Hitchcock awoke to the sound of his two-month-old daughter, Taylor Makela ("Taylor"), crying. He warmed milk for her, fed her, burped her, and placed her back in her crib. Also present in the home, but sleeping during that time were Hitchcock's girlfriend, Diane Makela ("Diane"), and their two-year-old son, Adam Makela ("Adam"). Diane awoke for a minute or less and witnessed Hitchcock tending to Taylor.
 {¶ 7} At approximately 9:30 a.m., Diane approached Taylor's crib and found her unresponsive. Taylor was pronounced dead at St. Vincent Charity Hospital. The *Page 4 
Cuyahoga County Coroner's Office deemed her death to be a homicide. Specifically, the coroner's office determined that Taylor's head was crushed.
 {¶ 8} A confidential informant at the Cuyahoga County jail, where Hitchcock was placed at the time of his arrest, made a statement that Hitchcock admitted striking Taylor's head against a doorframe before placing her back into her crib. Additionally, Hitchcock stated during his plea hearing, "I guess I was drinking some beer, and like he said, I just kind of lost it for a split second." Tr. 52-53. Additionally, "I just — — I wasn't thinking and hit the baby's head against the — — I think it was the crib." Tr. 53.
 {¶ 9} Hitchcock timely appealed, raising four assignments of error for our review. As Hitchcock's first and second assignments of error both relate to the validity of his guilty plea, we will address both errors together in the interest of judicial economy.
 {¶ 10} HITCHCOCK'S FIRST ASSIGNMENT OF ERROR
 "The trial court erred in denying the appellant's motion to withdraw his guilty plea as he did not enter the guilty plea in a knowing, intelligent, and voluntary manner."
 {¶ 11} HITCHCOCK'S SECOND ASSIGNMENT OF ERROR
 "The trial court abused its discretion by failing to allow the appellant to withdraw his guilty plea as the evidence he produced in support of his motion established a manifest injustice." *Page 5 
 {¶ 12} Hitchcock argues that the trial court erred in denying his motion to withdraw his guilty plea, filed six years after entering his plea. We disagree.
 {¶ 13} Appellate courts apply an abuse of discretion standard when reviewing a denied motion to withdraw a guilty plea, regardless of whether the motion was filed before or after sentencing. State v.Fitzpatrick (1986), Cuyahoga App. No. 50211, 1986 Ohio App. LEXIS 5665;State v. Manus, Cuyahoga App. No. 87991, 2007-Ohio-632. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 14} We note that Hitchcock waived any appellate rights concerning his plea and sentence pursuant to the plea agreement he entered into. Tr. 18. "A criminal defendant who pleads guilty is limited on appeal; he may only attack the voluntary, knowing, and intelligent nature of the plea and `may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" State v. Woods, 3rd Dist. No. 1-05-82,2006-Ohio-2368, quoting State v. Spates, 64 Ohio St.3d 269,1992-Ohio-130.
 {¶ 15} All pleas must be given knowingly, intelligently, and voluntarily. Crim.R. 11; Kercheval v. United States (1927),274 U.S. 220. Crim.R. 32.1 states:
 "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." *Page 6 
 {¶ 16} Additionally, we held:
 "The individual seeking vacation of the plea bears the burden of establishing the existence of a `manifest injustice.' `Manifest injustice' is an extremely high standard which permits the court to allow plea withdrawal only in `extraordinary cases.' A manifest injustice is defined as a `clear or openly unjust act' * * * `an extraordinary and fundamental flaw in the plea proceeding.'" State v. Bell, Cuyahoga App. No. 87727, 2007-Ohio-3276. (Internal citations omitted.)
 {¶ 17} In the instant case, Hitchcock does not satisfy his burden of establishing the existence of manifest injustice.
 {¶ 18} First, Hitchcock argues that his guilty plea was not knowing, intelligent, and voluntary because the trial court failed to advise Hitchcock that he had a right to counsel at trial, he had a right to cross-examine witnesses, he was waiving his right to confront witnesses, and he was waiving his right to testify on his own behalf.
 {¶ 19} However, a thorough review of the transcript reveals that the trial court informed Hitchcock that he had a right to cross-examine witnesses, and he had a right to appear and testify on his own behalf. Tr. 25. In the interest of judicial *Page 7 
efficiency, Crim.R. 11 (c) does not require the trial court to inform an offender of his or her right to counsel at trial when the offender has retained or appointed counsel present at the plea hearing. Crim.R. 11(c)(1) requires only that:
 "Where in a felony case the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he or she has the right to be represented by retained counsel, or pursuant to Crim.R. 44 by appointed counsel, waives this right."
 {¶ 20} Second, Hitchcock asserts that his guilty plea fails Crim.R. 11 because his plea was grounded on inaccurate information provided by a jailhouse informant, inaccurate information from the coroner's office concerning the child's cause of death, and he entered his guilty plea under duress, namely, in consideration of the dismissal of pending criminal charges against Diane subsequent to his guilty pleas.
 {¶ 21} However, Hitchcock fails to demonstrate that the information provided by the jailhouse informant and the coroner's office is inaccurate. At best, Hitchcock can argue only that the evidence lacks credibility. Additionally, Hitchcock fails to establish that he entered his plea under duress. Hitchcock is one of many criminal offenders who must take family obligations into consideration when weighing his or her options regarding possible plea agreements. Said consideration does not rise to the level of duress in Hitchcock's case.
 {¶ 22} Hitchcock's first and second assignments of error are overruled.
 {¶ 23} HITCHCOCK'S THIRD ASSIGNMENT OF ERROR *Page 8 
 "Trial counsel's failure to subject the Assistant Coroner's conclusions to independent review amounted to ineffective assistance of counsel which rendered Mr. Hitchcock's guilty plea involuntary."
 {¶ 24} Hitchcock alleges ineffective assistance of counsel because trial counsel did not subject the coroner's report to independent review, thus rendering his guilty plea involuntary. We disagree.
 {¶ 25} "A guilty plea waives the right to appeal issues of ineffective assistance of counsel, unless ineffective assistance of counsel caused the guilty plea to be involuntary." State v. Carroll, 9th
Dist. No. 06CA009037, 2007-Ohio-3298.
 {¶ 26} To establish a claim for ineffective assistance of counsel, Hitchcock must satisfy the two-prong test set forth by the United States Supreme Court: First, Hitchcock must prove that trial counsel's performance was deficient, namely, that counsel's errors were so serious that counsel was not functioning as counsel guaranteed by the Sixth Amendment. Second, that the deficient performance prejudiced the defense, depriving defendant of a fair trial. Strickland v.Washington (1984), 466 U.S. 668. "With regard to the required prejudice, the proper standard requires the defendant to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id.
 {¶ 27} In applying the law to the facts of this case, Hitchcock cites to medical articles that provide alternative theories for sustaining head injuries. Assuming *Page 9 
arguendo, that the coroner's report was subjected to independent review and said review established an alternative theory of cause of death, Hitchcock fails to demonstrate how the result of his trial would be different. The trier of fact would still have to weigh the credibility of both the coroner's report and the independent review. Thus, when Hitchcock's highly experienced trial counsel withdrew his motion for an independent review, he did so only in light of the fact that his client decided to change his plea.
 {¶ 28} Hitchcock's third assignment of error is overruled.
 {¶ 29} HITCHCOCK'S FOURTH ASSIGNMENT OF ERROR
 "The trial court abused its discretion when it denied appellant's motion to vacate plea prior to sentencing and in failing to conduct a hearing on said motion and in failing to give full and fair consideration to the request."
 {¶ 30} A thorough review of the record in this case reveals that Hitchcock did not file a motion to vacate his plea prior to sentencing. Therefore, Hitchcock's fourth assignment of error is moot.
 {¶ 31} Judgment of the trial court is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 10 
 FRANK D. CELEBREZZE, JR., A.J., and ANN DYKE, J., CONCUR *Page 1