JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant Russell Stokes appeals from his sentence imposed by the common pleas court. After a thorough review of the arguments and pertinent law, and for the reasons set forth below, we affirm.
 {¶ 2} On June 2, 2005, the Cuyahoga County Grand Jury returned an indictment against appellant. He was charged with nine counts, including the following: four counts of rape, one count of gross sexual imposition, one count of kidnapping, two counts of aggravated burglary, and one count of felonious assault, for criminal activity occurring on April 24, 2005. All counts carried a three-year firearm specification, in violation of R.C. 2941.145.
 {¶ 3} In the early morning of April 24, 2005, appellant broke the window of a door to the victim's apartment and entered her home. He went upstairs and awakened the victim, who was sleeping in her bedroom. He proceeded to threaten her with a gun he was carrying. Subsequently, he penetrated her vagina with his finger and then with the barrel of the gun. He then left her apartment.
 {¶ 4} The victim called 911, and the police responded. By following a set of footprints leading from the victim's apartment to appellant's apartment, police found appellant and arrested him. The police secured a search warrant and found a gun at appellant's apartment. DNA tests identified blood on the barrel of the gun as that of the victim. *Page 4 
 {¶ 5} Appellant was arraigned on June 7, 2005, at which time he entered a plea of not guilty. On July 25, 2005, the date originally set for trial, appellant signed a speedy trial waiver, and a new trial date was set for September 26, 2005. On September 8, 2005, because of concerns raised by appellant as to representation by court-appointed counsel, the trial court made further inquiry on the record into the attorney/client relationship. At that time, the court also asked as to the status of plea negotiations. The prosecutor advised that appellant could plead guilty to two counts of rape, one count of aggravated burglary, and one count of felonious assault, all without the firearms specifications. Further, appellant would have to agree to be labeled a sexual predator. The trial court proceeded to inform appellant of the sentencing ramifications of pleading guilty under this agreement.
 {¶ 6} On September 26, 2005, pursuant to a plea agreement, appellant entered guilty pleas to the following: Counts 1 and 2, rape, in violation of R.C. 2907.02, felonies of the first degree; Count 7, aggravated burglary, in violation of R.C. 2911.11, a felony of the first degree; and Count 9, felonious assault, in violation of R.C. 2903.11, a felony of the second degree. Pleas to these counts were taken without the firearm specifications. The remaining five counts were nolled or dismissed. Further, appellant waived his right to a hearing and agreed to be classified as a sexual predator. A presentence report was ordered, and sentencing was set for October 25, 2005. *Page 5 
 {¶ 7} On October 25, 2005, appellant appeared for sentencing. After reviewing the factors in the case, as well as allowing the assistant prosecutor, the victim and appellant to speak on the record, the court sentenced appellant to the following: a term of seven years on Count 1 for rape; a term of ten years on Count 2 for rape; and a term of four years on Count 9 for felonious assault. The court merged Count 7 for aggravated burglary with the rape counts. Counts 1 and 2 were ordered to run consecutively, and Count 9 was to run concurrently. In addition, appellant was labeled a sexual predator. In total, appellant was sentenced to 17 years in prison.
 {¶ 8} Appellant filed a timely appeal to his sentence.[1] In that appeal, decided August 3, 2006, in reliance on State v. Foster,109 Ohio St.3d 1, the appellate court vacated appellant's sentence and remanded his case to the trial court for a new sentencing hearing. On October 6, 2006, appellant appeared for resentencing. At that time, upon oral motion, counsel for appellant moved to vacate his guilty plea. The trial court denied the motion. The court held a new sentencing hearing, again reviewing all the factors in the case and giving appellant, the victim, and others a chance to be heard on the record. The court then imposed a sentence of 17 years-the same as it had on October 25, 2005. It is this sentence which appellant now appeals. *Page 6 
 {¶ 9} Appellant brings this appeal asserting three assignments of error for our review.
 Withdrawal of Guilty Plea {¶ 10} "I. The trial court erred in not allowing Appellant to withdraw his guilty plea prior to sentencing."
 {¶ 11} Appellant argues that the trial court erred in denying his oral motion to vacate his guilty plea when his case was remanded, relying onFoster, for resentencing. Specifically, appellant now argues thatFoster should not apply retroactively to his case; to do so would mean his original plea was made in reliance on terms of a contract that were not known to him at the time. Appellant argues that if Foster applies, then his plea agreement, as a binding contract, is no longer valid because material terms have changed. However, appellant does not point to any terms of his plea agreement that change, whether Foster applies or not.
 {¶ 12} Under State v. Xie (1992), 62 Ohio St.3d 521, 527, a presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing. Appellate courts apply an abuse of discretion standard when reviewing a denied motion to withdraw a guilty plea, regardless of whether the motion was filed before or after sentencing. State v. Fitzpatrick (Feb. 20, 1986), Cuyahoga App. No. 50211; State v. Manus, Cuyahoga App. No. 87991, 2007-Ohio-632. To constitute an abuse of discretion, the ruling must be more than legal error; it *Page 7 
must be unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 50 OBR 481, 450 N.E.2d 1140.
 {¶ 13} In ruling on a presentence motion to withdraw a guilty plea, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.Fitzpatrick, supra.
 {¶ 14} In State v. Peterseim (1980), 68 Ohio St. 2d 211, the court held that the trial court does not abuse its discretion by denying a motion to withdraw a guilty plea when the following four factors have been satisfied: (1) where the accused is represented by highly competent counsel; (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11 before he entered the plea; (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion; and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.
 {¶ 15} The court also held that, "although the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, * * * still the decision thereon is within the sound discretion of the trial court. * * * Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion." Id.
 {¶ 16} The trial court satisfied all four factors underPeterseim. First, appellant acknowledged that he was satisfied with his attorney. (Tr. 99.) It should be noted that appellant also stated on the record that he was satisfied with his previous *Page 8 
counsel, who represented him when he entered his guilty plea on September 26, 2005 and when he was sentenced on October 25, 2005. (Tr. 46.) The court also pointed out that appellant does not argue, at any point, ineffective assistance of counsel regarding either of his attorneys and, in fact, continues to be represented by the same attorney who successfully argued his first appeal.
 {¶ 17} The second factor under Peterseim is also satisfied. On September 26, 2005, appellant was afforded a full hearing pursuant to Crim.R. 11. The trial court spent ample time questioning appellant as to whether he was knowingly and voluntarily entering a guilty plea, and whether he understood the ramifications of waiving his right to trial and to a hearing under R.C. 2950, regarding classification as a sexual predator. (Tr. 46-48.) In addition, the court explained fully the maximum sentences it could impose for the counts for which appellant was charged. (Tr. 50.)
 {¶ 18} The third factor under Peterseim requires that appellant be afforded a complete and impartial hearing on the oral motion to withdraw the guilty plea; this factor was satisfied. The trial court took sufficient testimony from appellant on his motion to withdraw his guilty plea. Specifically, the trial court recalled its procedures in accepting guilty pleas under Crim.R. 11, and the record clearly indicates that the trial court asked appellant numerous questions as to whether he understood what he was agreeing to by entering a guilty plea. Additionally, the court noted the amount of time that passed between appellant's plea and sentencing. At no time during that 30-day period did appellant indicate he wanted to withdraw his plea. (Tr. 100.) *Page 9 
 {¶ 19} Finally, the trial court satisfied the fourth factor underPeterseim regarding full and fair consideration to appellant's request to withdraw his plea. Appellant argues that applying the changes in the sentencing laws under Foster is erroneous because, in doing so, the terms of his plea agreement are altered. (Tr. 107.) Despite his assertion that he may have relied on law that is no longer in effect, appellant never offers anything specific that he relied on in proffering his original plea that would be different if the ruling inFoster is applied. Resentencing under Foster did not provide adequate cause to grant appellant's motion.
 {¶ 20} A thorough review of the record indicates the trial court did not abuse its discretion in denying appellant's motion to vacate his guilty plea. Therefore, we overrule appellant's first assignment of error.
 Sentencing Issues {¶ 21} Because appellant's second and third assignments of error require similar analysis under State v. Foster, supra, this court will address them together.
 {¶ 22} "II. The trial court erred by ordering Appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 (E)(4).
 {¶ 23} "III. The trial court erred when it sentenced Appellant to the maximum sentence without making the appropriate findings."
 {¶ 24} Appellant argues that the trial court was required to make judicial findings of fact before sentencing him to both consecutive sentences and the maximum sentences under law. Specifically, he argues that the trial court erred in *Page 10 
applying the principles set forth in Foster, which dispense with the trial court's requirement to engage in judicial fact-finding in such cases. He asserts that Foster does not apply because the crimes and his sentencing occurred before Foster was decided. Appellant relies on the principles prohibiting ex post facto treatment and the denial of due process to make his case. This is the same argument appellant made in his first appeal (Stokes I), which was rejected by this court.
 {¶ 25} The ex post facto clause of Article 1, Section 10, of the United States Constitution prohibits any legislation that "changes the punishment, and inflicts greater punishment, than the law annexed to the crime, when committed." Miller v. Florida (1987), 482 U.S. 423, 429
quoting Calder v. Bull (1798), 3 Dall. 386, 390. This court recently addressed this issue in State v. Mallette, Cuyahoga App. No. 87984,2007-Ohio-715 and, after a thorough analysis of state and federal law, found as follows:
 {¶ 26} "In the instant case, Mallette had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced. Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed. As a result, we conclude that the remedial holding of Foster does not violate Mallette's due process rights or the ex post facto principles contained therein." Mallette, supra. *Page 11 
 {¶ 27} The facts in Mallette are substantially the same as they are in the case before us; therefore, we adopt its holding relying onFoster here. Appellant had notice that the sentencing range was the same at the time he committed the crime as it was when he was sentenced. Applying Foster does not expand a new statutory maximum to the crimes he committed, nor does it allow for consecutive sentences where they were not permitted before. Appellant does not raise issues as to whether he had adequate notice of the sentencing range, nor whether Foster
increased the possible maximum sentence he may receive. Applying the remedial holding in Foster to appellant does not violate his due process rights or ex post facto principles, and this court rejects appellant's argument.
 {¶ 28} Having concluded that applying Foster to this case is appropriate, appellant's argument that the trial court was required to make judicial findings of fact before imposing consecutive sentences or the maximum sentences permissible has no merit. Under Foster, the trial court has "full discretion to impose a prison sentence within the statutory range and [is] no longer required to make findings or give [its] reasons for imposing the maximum, consecutive or more than the minimum sentences." Foster, supra.
 {¶ 29} However, in appellant's first appeal, this court stated that the trial court should consider factors relating to the seriousness of the crime and the recidivism of the offender, as provided in R.C.2929.12. The record shows that the trial court took these factors into consideration and examined the heinous nature of appellant's *Page 12 
crime, his lack of remorse, and his danger to the public should a lesser sentence be imposed. (Tr.114.)
 {¶ 30} Accordingly, we overrule appellant's second and third assignments of error.
 {¶ 31} Judgment is hereby affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, J., and ANN DYKE, J., CONCUR
[1] See, State v. Stokes, Cuyahoga App. No. 87319, 2006-Ohio-3966
("Stokes I"). *Page 1