JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Harold Pearl ("Pearl") appeals the trial court's denial of his motion to vacate his plea.
 {¶ 2} On July 7, 2006, a Cuyahoga County Grand Jury indicted Pearl with the following: two counts of drug trafficking, namely, crack cocaine in an amount less than one gram, with schoolyard specifications; one count of possession of drugs, namely, crack cocaine in an amount less than one gram; and lastly, one count of possessing criminal tools.
 {¶ 3} On November 8, 2006, Pearl pleaded guilty to one count of drug trafficking, amended to delete the schoolyard specification. The remaining counts were nolled. *Page 3 
 {¶ 4} On December 14, 2006, the trial court conducted Pearl's sentencing hearing. Pearl made an oral motion to vacate his plea, which was denied by the trial court. Thereafter, Pearl was sentenced to one year of community control sanctions.
 {¶ 5} The facts giving rise to the instant case occurred on June 26, 2006, at the intersection of West 47th Street and Clark Avenue in Cleveland, Ohio, in which Pearl sold or offered to sell crack cocaine within one thousand feet of a schoolyard.
 {¶ 6} Pearl appealed and asserted one assignment of error: "The trial court abused its discretion when it denied appellant's motion to vacate plea prior to sentencing and in failing to conduct a full and fair consideration of the request."
 {¶ 7} Crim.R. 32.1 addresses withdrawals of guilty pleas and reads as follows:
 "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 8} "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted." State v. Xie (1992), 62 Ohio St.3d 521,527. "Even though the general rule is that motions to withdraw pleas before sentencing are to be freely allowed and treated with liberality, * * * still the decision thereon is within the sound discretion of the trial court." Id. at 526. (Internal citations omitted.) *Page 4 
 {¶ 9} Thus, appellate courts apply an abuse of discretion standard when reviewing a motion to withdraw a guilty plea. State v.Fitzpatrick (1986), Cuyahoga App. No. 50211, 1986 Ohio App. LEXIS 5665;State v. Manus, Cuyahoga App. No. 87991, 2007-Ohio-632. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 10} We established a four-part test to determine whether the trial court abused its discretion in denying an accused's motion to vacate his plea: first, whether the accused was represented by highly competent counsel; second, whether the accused was afforded a full Crim.R. 11 hearing before entering a plea; third, after filing a motion to withdraw, whether the accused is provided a complete and impartial hearing on the motion; and lastly, whether the record reveals that the trial court gave full and fair consideration to the motion. State v.Peterseim, Cuyahoga App. No. 40579, 68 Ohio App.2d 211.
 {¶ 11} In applying Peferse/m to the facts of this case, we find that the trial court did not abuse its discretion in denying Pearl's oral motion to withdraw his plea. First, it appears that Pearl was represented by competent counsel as indicated by the trial court when it stated at hearing, "you have an outstanding lawyer * * *." (Tr. 16.) Second, a review of the plea hearing reveals that Pearl was provided with a Crim.R. 11 hearing on the record. Third, Pearl was provided a full and impartial hearing on his motion to vacate his plea in which the trial court asked Pearl if he had anything to *Page 5 
say. Pearl responded, "No, sir. I just wish to withdraw my plea." (Tr. 16.) Lastly, the trial court gave full and fair consideration to the motion as revealed by the following statement:
 "I took some rather copious notes and reviewed orally what the court reporter did, and we have pretried this many [sic] many times.
 I went over your rights with you. You have an outstanding lawyer, so I'm going to deny that request." (Tr. 16-17.)
 {¶ 12} Pearl claims his innocence, "However, this is not sufficient grounds to warrant reversal of the trial court's decision." State v.Bailey, Portage App. No. 2004-P-0086, 2005-Ohio-6900.
 {¶ 13} Pearl's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., and *Page 6 
PATRICIA A. BLACKMON, J., CONCUR. *Page 1